J-S22027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM M. DANIELS | : | |
| | : | |
| Appellant | : | No. 1226 WDA 2022 |

Appeal from the PCRA Order Entered October 11, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0002083-1997,
CP-02-CR-0002235-1996, CP-02-CR-0016251-1995

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED: October 17, 2023**

Appellant, William M. Daniels, appeals *pro se* from the order entered October 11, 2022, in the Court of Common Pleas of Allegheny County, denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background of the instant appeal as follows.

> [Appellant] filed a *pro se* PCRA petition on March 17, 2022[,] arising out his judgment of sentence of life in prison entered on November 23, 1998. On . . . July 20, 2022[,] an order was entered notifying [Appellant] of the [PCRA court]'s intent to dismiss his PCRA Petition without a hearing. On August 15, 2022[,] Appellant filed objections to the Notice of Intent to Dismiss. On October 11, 2022[,] an order was entered dismissing the PCRA Petition. On October 13, 2022[,] [Appellant] filed a

Notice of Appeal to the Superior Court.[1] On October 27, 2022[,] an order was entered directing [Appellant] to file a Concise Statement of Matters Complained of on Appeal. [Appellant] filed his Concise Statement on November 7, 2022. The Concise Statement consists of six pages and 17 subparagraphs of alleged errors related to [newly] discovered evidence or unknown facts. [Appellant]'s Concise Statement alleges that it was error to dismiss his petition without a hearing as untimely because he established an exception to the one-year time limitation for filing a PCRA petition pursuant to 42 Pa.C.S.A. § 9545(b)(1)[ii]. [Appellant] alleges that certain new measurements at the crime scene as described in a March 1, 2022 report of Rodney Troupe of Finley Consulting & Investigations, a private investigator hired by [Appellant], were previously unknown facts that he could not have ascertained with the exercise of due diligence and, therefore, his petition was timely filed.

PCRA Court Opinion, 1/17/23, 1- 2 (footnote omitted).

On appeal,

[w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. ***Id***. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. ***Id.*** This Court may affirm a PCRA court's decision on any grounds if the record supports it. ***Id.*** We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard

_____

[1] Appellant filed three notices of appeal, one on each docket, listing all three dockets on each notice of appeal. Appellant, therefore, has substantially complied with the requirements of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*).

of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final,"[2] unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[3] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. (Frank) Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted)

_____

[2] It is undisputed that the underlying PCRA petition is facially untimely. Appellant was sentenced on November 23, 1998. On November 27, 2000, we affirmed the judgment of sentence. On June 22, 2001, our Supreme Court denied Appellant's petition for allowance of appeal. If no petition for writ of certiorari is filed with the United States Supreme Court, like in the instant case, the judgment of sentence becomes final at the expiration of the 90-day period available to petition the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1. Accordingly, Appellant's judgment of sentence became final for purposes of the PCRA on September 20, 2001. Appellant had one year to file a timely PCRA petition (*i.e.*, September 20, 2002). The underlying petition was filed on March 17, 2022, which is more than 19 years after his conviction became final. Thus, the underlying PCRA petition is facially untimely.

[3] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

(overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. **Id.**

On appeal, the thrust of Appellant's claims for our review can be summarized as follows. Appellant first argues that the measurement inconsistencies noted in the Troupe report qualify as newly-discovered facts for purposes of the timeliness exception set forth in 42 Pa.C.S.A. 9545(b)(1)(ii).[4] Appellant next argues that the discovery of said inconsistencies also shows that the Commonwealth engaged in a **Brady**[5] violation by failing to disclose to Appellant the true and correct measurements, which, in Appellant's estimation, qualifies as governmental interference for purposes of the PCRA. Finally, Appellant argues that the PCRA court erred in

---

[4] At trial, Detective Canovari testified that the distance between the eyewitness (Tina Banks) and the location of the shooting (252 Alpine Avenue) was 413 feet. According to Private Investigator Troupe, the distance between Banks and the scene of the shooting was 510 feet and 5 inches.

[5] **Brady v. Maryland**, 373 U.S. 83 (1963). A **Brady** claim requires a petitioner to show that (1) the prosecutor has suppressed evidence, (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant. **See**, **e.g.**, **Commonwealth v. Carson**, 913 A.2d 220, 244 (Pa. 2006). As explained below, the merits of Appellant's **Brady** claim are not at issue here, only its timeliness.

not holding a hearing on his petition. We will address the above claims *ad seriatim*.

The newly-discovered fact exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017). Due diligence does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." ***Id.*** (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010).

As aptly noted by the PCRA court, Appellant cannot meet the requirements of the newly-discovered facts exception. The PCRA court found, and we agree, that Appellant

> has made absolutely no showing as to how or why the distance between [the location of the eyewitness and scene of the shooting] is a fact that could not have been discovered by the exercise of due diligence. There are no allegations that the location of Tina Banks was unknown; that the location of 252 Avenue was unknown; that the location of the garage door frame where the bullets were removed was unknown; or that any of

these locations changed or moved between the time of shooting in 1994 and 2021 when Troupe made his measurements.

[Appellant] argues that Troupe's measurements indicate that the witnesses were not 413 feet away from the scene, but 501 feet and 5 inches away. However, there is nothing to support the contention that this fact could not have been ascertained by the exercise of due diligence and presented at the time of trial, or at any time in the intervening years. It was not information that was exclusively within the possession or control of the Commonwealth or prosecutor. . . . In this case, the issue of ability of the witnesses to observe the scene at night, the perspective of the witnesses and the distance of the witnesses from the scene were all issues raised at the time of trial and throughout [Appellant]'s various PCRA petitions.

PCRA Court Opinion, 1/17/23, at 7-8 (footnote omitted).

Because Appellant failed to explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence, we conclude that Appellant failed to prove the applicability of the newly-discovered facts exception.

Similarly, Appellant fails to meet the governmental interference exception. "Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). Here,

Appellant failed to explain (i) how the Commonwealth prevented him from raising the claim earlier, and (ii) why he could not have obtained the information about the Commonwealth's alleged misconduct earlier with the exercise of due diligence. Appellant, therefore, failed to prove that his ***Brady*** claims meets the governmental interference exception.

Because Appellant failed to prove either the newly-discovered facts or the governmental interference exception, the PCRA court did not err in not holding a hearing on Appellant's petition. ***See Commonwealth v. Marshall***, 947 A.2d 714, 723 (Pa. 2008) (defendant was not entitled to evidentiary hearing on petition for post-conviction relief that was untimely filed, and which did not establish any statutory exception to one-year limitations period for filing petition).

Because the underlying PCRA petition is facially untimely, and because Appellant failed to prove the applicability of any exception to the PCRA time bar, we affirm the order of the PCRA court denying as untimely the underlying petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/17/2023